# ABRAMS ⬛ FENSTERMAN

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP

Attorneys at Law
1 MetroTech Center, Suite 1701
Brooklyn, New York 11201
Telephone: (718) 215-5300
Fax: (718) 215-5304
www.abramslaw.com

October 7, 2019

**Via ECF and Hand Delivery**
Judge Frederic Block
U.S. District Court, E.D.N.Y.
Brooklyn Courthouse
225 Cadman Plaza E
Brooklyn, NY 11201

      Re:    *Henry v. Western Beef Retail, Inc., et al.*, 18-cv-06830-FB-RML

Dear Judge Block:

      This law firm is counsel for Defendants Western Beef Retail, Inc., d/b/a Western Beef and Cactus Holdings, Inc. (together, "Defendants") in the above-entitled matter. We write pursuant to Rule 2(A) of Your Honor's Individual Practices to request a pre-motion conference in anticipation of a motion to enforce a settlement agreement between the parties. For the reasons set forth herein, it is also respectfully requested that the Court Order Plaintiff to appear at the pre-motion conference and explain why he is now refusing to consummate the parties' settlement.

      By way of background, Plaintiff made a settlement demand during mediation—which he reiterated again after mediation—to resolve all claims in this action in exchange for payment of a sum certain[1] (inclusive of any attorneys' fees or costs). On September 25, 2019, I wrote to Plaintiff's counsel and informed him that Defendants were accepting Plaintiff's demand, and anticipated entering into a formalized written agreement. Plaintiff's counsel subsequently agreed to prepare a general release and settlement agreement upon standard terms memorializing the parties' agreement.[2]

      However, Plaintiff's counsel has recently advised that Plaintiff is now unwilling to proceed with the settlement. Plaintiff's reasoning has not been disclosed to Defendants.

---

[1]  Because this matter concerns private settlement negotiations, and because Plaintiff now apparently is unwilling to consummate a settlement on the agreed-upon terms, we do not herein state the specific sum on which the parties agreed, but we are prepared to inform the Court of the sum *in camera*. The amount is not in dispute.

[2]  "A 'preliminary' oral [settlement] agreement, entered into in anticipation of a later writing memorializing its terms, is no less binding than a written agreement, so long as the parties have not expressly reserved the right not to be bound in the absence of a writing." *Bastedo v. North Rose–Wolcott Central School District*, 929 F.Supp.2d 223, 225 (W.D.N.Y. 2013).

Judge Frederic Block
October 7, 2019

  The Defendants are ready, willing and able to proceed with the parties' settlement agreement, and simply request that Plaintiff be compelled to execute a standard form agreement and general release. Under such circumstances, it is respectfully submitted that Plaintiff should be compelled to conclude the settlement upon standard terms. *See, e.g.*, *Serpico v. City of New York*, No. 99 CIV. 2693, 2000 WL 1716346, at *1–2 (S.D.N.Y. Nov. 15, 2000) ("Plaintiff's failure to execute the requisite document(s) that will permit the settlement agreement to be effectuated has not been prompted by any conduct of the defendants that could be viewed as a breach of the parties' settlement agreement. The Court understands that defendants are ready, willing and able to fulfill their part of the parties' settlement agreement. Under these circumstances, the Court finds that the settlement agreement should be enforced and plaintiff should execute the requisite document(s) to permit the settlement agreement to be consummated.").

  In light of the foregoing, Defendants respectfully request that the Court: (i) schedule a pre-motion conference in anticipation of Defendants' motion to compel and enforce the parties' settlement agreement; and (ii) Order that Plaintiff attend such conference and explain the bases for his refusal, so that Defendants' motion can fully address Plaintiff's position.

  We thank the Court for its attention to this matter.

                Respectfully submitted,

                */s/ Justin T. Kelton*

                Justin T. Kelton

To:  All counsel of record (*via ECF*)