UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL HENRY, on behalf of himself, individually, and on behalf of all others similarly-situated,<br><br>         Plaintiff,<br><br>   -against-<br><br>WESTERN BEEF RETAIL, INC. d/b/a WESTERN BEEF, and CACTUS HOLDINGS, INC., and HORATIO WAGNER, individually, and TIMOTHY KELLAR, individually,<br><br>         Defendants. | **Docket No.:**<br><br>18-cv-6830 (FB)(RML) |

**DECLARATION OF JEFFREY R. MAGUIRE, ESQ. IN SUPPORT OF ORDER TO SHOW CAUSE OF BORRELLI & ASSOCIATES, P.L.L.C. TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF MICHAEL HENRY**

Pursuant to 28 U.S.C. § 1746, Jeffrey R. Maguire, Esq., hereby declares as follows:

1. I am Senior Counsel with Borrelli & Associates, P.L.L.C. ("the Firm"), and am an attorney admitted to the Bar of this Court. In this wage and hour matter, the Firm currently represents Plaintiff Michael Henry against Defendants Western Beef Retail, Inc. d/b/a Western Beef, and Cactus Holdings, Inc., and Horatio Wagner, individually (collectively as "Defendants"). As Plaintiff's counsel, I am familiar with the facts and circumstances discussed herein based upon personal knowledge and the files maintained by this office.

2. I submit this declaration in support of the Firm's motion, pursuant to Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule(s)"), for leave to withdraw as Plaintiff's attorneys of record.

1

**Procedural History**

3. On November 30, 2018, the Firm, on Plaintiff's behalf, commenced this action alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") against Defendants on behalf of a putative collective under 29 U.S.C. § 216(b). *See* Dkt. No. 1. Plaintiff's Complaint alleges that he worked for Defendants - - two corporations that together operate a chain of grocery stores throughout New York, New Jersey, and Florida, a store manager, and a district manager - - as an assistant manager, and that Defendants failed to pay him and other assistant managers overtime compensation under the FLSA and the NYLL, and also committed other NYLL statutory violations. On April 15, 2019, Plaintiff voluntarily dismissed the action as to Defendant Timothy Kellar, the district manager, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

4. On July 17, 2019, the parties participated in private mediation with a member of the Eastern District of New York's mediation panel, prior to the exchange of discovery. The mediation ultimately was not successful in resolving Plaintiff's claims.

5. On August 15, 2019, on behalf of Plaintiff, Plaintiff's counsel represented in writing to Defendants' counsel as follows: "I do not have any response from Mr. Henry other than his demand stays at [amount of demand]. Please serve discovery and hopefully we can continue working to resolve."[1]

6. On September 12, 2019, Plaintiff served Requests for Production of Documents on Defendants.

7. Subsequently, Defendants increased their offer but Plaintiff rejected the increased offer, and Plaintiff's counsel, after speaking with Plaintiff and receiving authorization to do so,

---

[1] As Defendants have chosen to do so in their pre-conference letter dated October 7, 2019, Plaintiff's counsel also omits the settlement amount in question.

2

represented to Defendants that Plaintiff would not accept any amount less than the number that Plaintiff previously communicated both at mediation and through the August 15 email correspondence.

8. On September 30, 2019, Defendants confirmed through email correspondence that they were accepting Plaintiff's demand to settle the case agreeing to the number demanded by Plaintiff.

9. After conversation with Plaintiff on October 1, 2019, following Defendants' counsel's representation that Defendants would settle at the amount demanded by Plaintiff through his counsel, Plaintiff's counsel subsequently represented to Defendants' counsel on or around October 2, 2019, that Plaintiff will not settle at that amount and wants to continue with his case.

10. On October 7, 2019, Defendants requested a pre-motion conference in anticipation of their motion to enforce a settlement agreement between the parties. *See* Dkt. No. 21.

11. On November 13, 2019, the Court granted Defendants' request, scheduling the pre-motion conference for December 5, 2019. *See* Dkt. No. 23.

12. At this point, the Firm does not believe that it can continue with its representation of Plaintiff under the New York Professional Rules of Conduct ("NY Prof'l Conduct"), as its continued representation of Plaintiff would necessitate Plaintiff's counsel to make statements of fact to opposing counsel and this Court that Plaintiff's counsel does not believe to be truthful. The Firm will gladly provide more details to the Court on an *ex parte* basis and refrains from saying more here so as not to prejudice Plaintiff.

13. Accordingly, the Firm is forced to proceed with its Motion to Withdraw as Counsel of Record for Plaintiff.

### **Withdrawal of Representation**

14. Local Rule 1.4 provides as follows:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

15. The Rules of Professional Conduct <u>require</u> a lawyer to "withdraw from representing a client when . . . the lawyer knows or reasonably should know that the representation will result in a violation of these Rules or of law." *See U.S. v. Ashburn*, 2015 WL 2179794, at *5 (E.D.N.Y. May 8, 2015) (citing NYR of Prof'l Conduct 1.16(b)(1)).

16. Here, as discussed above, the Firm believes that continued representation would require it to violate the professional rules of conduct and therefore is required by the rules to withdraw. Plaintiff's counsel believes that this should be discussed with the Court at the pre-motion conference currently scheduled for December 5, 2019, on an *ex parte* basis. Plaintiff's counsel has advised Plaintiff that he must attend the scheduled conference as well.

17. Presently, fact discovery is stayed pursuant to an Order from Magistrate Judge Levy dated October 21, 2019. Trial is not yet scheduled in this matter.

### **Charging Lien**

18. Due to the Firm seeking to withdraw from its representation of Plaintiff for good cause, the Firm seeks to assert a charging lien and requests a hearing to determine the amount of the lien.

4

19. Under New York Judiciary Law § 475, an attorney may claim a charging lien on any monetary recoveries obtained by a former client in the proceedings in which the attorney had rendered legal services. *See Santos v. E T & K Foods, Inc.*, 2019 WL 2435857, at *10 (E.D.N.Y. Feb. 26, 2019).

20. The Second Circuit has made clear that Section 475 governs attorneys' charging liens in federal courts sitting in New York, and such liens are "enforceable in federal courts in accordance with [the statute's] interpretation by New York courts." *Id.* (citing *Itar–Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 449 (2d Cir. 1998)); *see Markasis v. S.S. Mparmpa Christos*, 267 F.2d 926, 927 (2d Cir. 1959) (recognizing that Section 475 "creates an equitable right and remedy cognizable in the federal courts"). "The statute is remedial in character, and hence should be construed liberally in aid of the object sought by the legislature, which was to furnish security to attorneys by giving them a lien upon the subject of the action." *Id.* (collecting cases).

21. In order to establish a charging lien under Section 475, "there must be asserted a claim which can eventuate in there being proceeds payable to, or assets recoverable by, the client as a result of the efforts of the attorney." *Stair v. Calhoun*, 722 F. Supp. 2d 258, 267 (E.D.N.Y. 2010) (citing *Rosewood Apartments Corp. v. Perpignano*, 2005 WL 1084396, at *3 (S.D.N.Y. May 5, 2005)). Indeed, "[a]n attorney's lien comes into existence, without notice or filing, upon commencement of the action or proceeding. . . , and attaches not only to any judgment that the client may obtain, but also to the proceeds of any settlement between the parties to the underlying action." *Santos*, 2019 WL 2435857, at *10 (citation omitted). Importantly, "[t]he lien attaches to the amount agreed upon in settlement the instant the agreement is made, and if the defendant pays over to the client without providing for the lien of the attorney, he violates the rights of the latter

and must stand the consequences." *Santos*, 2019 WL 2435857, at *10 (citing *Fischer-Hansen v. Brooklyn Heights R. Co.*, 173 N.Y. 492, 502 (1903)).

22. Attorneys who terminate their representation are still entitled to enforce their charging liens, as long as the attorney does not withdraw without "good cause" and is not discharged for "good cause." *Stair*, 722 F. Supp. 2d at 267.

23. Furthermore, "[w]here a client enters into a contingent fee agreement with an attorney, and subsequently, without discharging the attorney, settles the case directly with the defendant, the attorney may assert his statutory lien against the settlement proceeds, and collect the contracted-for percentage from that recovery." *Santos*, 2019 WL 2435857, at *12 (citing *Cook v. Moran Atl. Towing Corp.*, 79 F.R.D. 392, 395 (S.D.N.Y. 1978)).

24. Thus, should the Court enforce this settlement, as it was reached during counsel's representation of Plaintiff, the Firm is entitled to the contracted-for contingency percentage from that recovery (*see Cook v. Moran Atl. Towing Corp.*, 79 F.R.D. 392, 395 (S.D.N.Y. 1978)), subject to the Court's approval of counsel's fees under *Cheeks v. Freeport Pancake, Inc.*, 799 F.3d 199 (2d Cir. 2015). Alternatively, should the Court decline to approve the settlement, and should the Court permit counsel to withdraw, the Firm is entitled to a lien equal to the *quantum meruit* value of its work. *See Stair*, 722 F. Supp. 2d at 268-69.

25.    For the foregoing reasons, the Firm respectfully requests that the Court schedule the Firm's motion to withdraw as counsel to coincide with the previously-scheduled pre-motion conference on December 5, 2019, or for an alternative date if the Court so chooses, at which the Firm can explain its position to the Court in more detail on an *ex parte* basis.

Dated: New York, New York
       November 25, 2019

                            Respectfully submitted,

                            BORRELLI & ASSOCIATES, P.L.L.C.
                            *Attorneys for Plaintiff*
                            655 Third Avenue, Suite 1821
                            New York, New York 10017
                            Tel.: (212) 679-5000
                            Fax: (212) 679- 5005

By:   _____
       JEFFREY R. MAGUIRE, ESQ. (JM 4821)


To:    Defendants' Counsel via ECF

        Michael Henry via Certified Mail